## Gibson, et al. v. First National Bank of Richmond, Ind.

(Decided October 17, 1922.)

### Appeal from Bell Circuit Court.

1. Bills and Notes—Pleading—Answer—Sufficiency.—In an action on negotiable notes by one who appears to be a holder in due course, an answer that defendants have a good and lawful defense to the notes against the payee, and have filed an action against the payee, presents no defense.

2. Bills and Notes—Pleading—Answer—Sufficiency.—An allegation that "plaintiff knows," or "plaintiff knew," is not sufficient to show that at the time the notes were executed plaintiff had notice of any infirmity in the notes or defect in the title of the person negotiating them.

JOHN HOWARD for appellants.

CHARLES A. WOOD and W. H. GAGLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On July 16, 1919, Wade H. Gibson and D. Z. Gibson, partners doing business under the firm name of Gibson Brothers, executed and delivered to the Motor Hearse Corporation of America thirty promissory notes for $75.00 each, and payable in from one to thirty months. The notes were all negotiable in form and were endorsed and delivered before maturity to the First National Bank of Richmond, Indiana, which brought this suit to recover thereon. A demurrer was sustained to the answer of the Gibson Brothers, and they having declined to plead further, judgment was rendered in favor of the bank.

The Gibson Brothers appeal.

The only question for decision is whether the answer as amended states a defense. The only defense sought to be presented by the original answer is that contained in the second paragraph which is as follows:

"For further answer and defense hereto defendants state that they have a good and lawful defense to the said notes against the payee and the Motor Hearse Corporation of America and has filed an action in the Bell circuit court No. 10265-122 and has obtained service on the said corporation's agent, J. W. Hughes, but not in time for the case to be set for trial at this term of the court and in said action the defendants seek to cancel

the said notes and to recover damages against the Motor Hearse Corporation of America for breach of the contract with the defendants and for their failure in every way to comply with the contract.''

The second paragraph as amended is as follows:

''·Comes the defendant, Wade H. Gibson and Dan Z. Gibson, and by leave of court amend the second paragraph of their answer filed herein and reaffirming and adopting each and every allegation of the original pleading not in conflict herewith, state that the First National Bank of Richmond, Indiana, is not and was not on the — day of August, 1919, or at any other time before or since said time, the owner of the notes sued on in this action in good faith and the defendants state that the plaintiff in fraud of their rights is now attempting to collect this debt for the Motor Hearse Corporation of America, which is the actual and real owner of the said notes and all of them.

''Defendants state that the Motor Hearse Corporation of America did not at any time in good faith assign or sell the said notes to the plaintiff, that the plaintiff in collusion with the Motor Hearse Corporation of America and in fraud of the rights of the defendants had brought this action on these said notes; defendants state that they have a good and valid defense to any action on the said notes by the Motor Hearse Corporation of America, the payee therein, and the plaintiff knows that the defendants have a good and valid defense to the said notes and defendants state that the plaintiff knows that the said defense is based upon the fact that the Motor Hearse Corporation of America failed to deliver to the defendants the motor hearse that was sold to them and that the said Motor Hearse Corporation of America failed and refused to comply with the contract, under the terms of which these notes were given, in every way and defendants state that at the time of the bringing of this action the plaintiff knew of such facts.

''Defendants state that the plaintiff further knew that the Motor Hearse Corporation of America under their contract with the defendants promised and agreed to have a repair man to examine, inspect and repair the motor hearse sent to them every 90 days and they knew that the said Motor Hearse Corporation had not and has not complied with said agreement.''

As the petition showed the bank to be a holder in due course, and as a holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, it necessarily results that the mere fact that appellants had a good and lawful defense as against the payee, and were then litigating the matter with the payee, presented no defense to the action by the bank.

Omitting the conclusions of law stated in the amendment to the second paragraph, the first defense sought to be set up is that "the plaintiff *knows* that the defendants have a good and valid defense to the said notes and defendants state that the plaintiff *knows* that the said defense is based on the fact that the Motor Hearse Corporation of America failed to deliver to the defendants the motor hearse, etc." The next defense is, "Defendants state that plaintiff further *knew* that the Motor Hearse Corporation of America under their contract with the defendants promised and agreed to have a repair man to examine, inspect and repair the motor hearse sent to them every 90 days, and they *knew* that the said Motor Hearse Corporation had not and has not complied with said agreement." The bank was a holder in due course unless, at the time the notes were negotiated, it had notice of some infirmity in the notes, or defect in the title of the person negotiating them. It is no defense to the action that they afterwards acquired knowledge of such infirmity or defect of title. It is unnecessary to determine whether the facts relied on would have constituted a defense if it had been alleged that the bank had knowledge of them when it negotiated the notes. The allegation, "plaintiff knows," is an allegation of present knowledge only, while the allegation, "plaintiff knew," without specifying the time when the knowledge was acquired, would be true even though the knowledge was acquired long after the notes were negotiated and just before the petition was filed. It not appearing from the allegations of the answer as amended that, at the time the notes were discounted, the bank had notice of any infirmity in the notes or defect in the title of the person negotiating them, it follows that the demurrer thereto was properly sustained.

Judgment affirmed.